IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LYNK LABS, INC., <br><br> Plaintiff, <br><br> v. <br><br> HOME DEPOT U.S.A. INC., THE HOME DEPOT INC., and HOME DEPOT PRODUCT AUTHORITY, LLC, <br><br> Defendants. | CIVIL ACTION FILE <br><br> NO. 1:21-CV-5021-MHC |

# ORDER

This case comes before the Court on Plaintiff's Motion for Expedited Scheduling Conference and the Appointment of a Special Master for Claim Construction [Doc. 60] and Defendants Home Depot USA Inc., The Home Depot Inc., and Home Depot Product Authority, LLC (collectively, "Home Depot")'s Motion to Stay Pending Patent Office Review of the Validity of All Asserted Patent Claims ("Mot. to Stay") [Doc. 56], which seeks a stay of the litigation pending *inter partes* review by the U.S. Patent and Trademark Office of the Patent-in-Suit.

## I. BACKGROUND

On January 29, 2021, Plaintiff Lynk Labs, Inc. ("Plaintiff") filed an action in the United States District Court for the Western District of Texas against Defendants alleging that Home Depot sells lighting products that infringe on the eight following patents:

> U.S. Patent No. 10,492,251 (the "'251 Patent");
> U.S. Patent No. 10,757,783 (the "'783 Patent");
> U.S. Patent No. 10,091,842 (the "'842 Patent");
> U.S. Patent No. 10,537,001 (the "'001 Patent");
> U.S. Patent No. 10,349,479 (the "'479 Patent");
> U.S. Patent No. 10,652,979 (the "'979 Patent");
> U.S. Patent No. 10,154,551 (the "'551 Patent"); and
> U.S. Patent No. 10,517,149 (the "'149 Patent").

Compl. [Doc. 1] ¶ 1. On March 17, 2021, Plaintiff filed an Amended Complaint, asserting additional claims of infringement based on a ninth patent: U.S. Patent No. 10,932,341 (the "'341 Patent"). Am. Compl. [Doc. 17]. All nine patents are collectively referred to as the "the Patents-in-Suit."

The case was transferred to this Court on December 8, 2021, in accordance with 28 U.S.C. § 1404. Dec. 8, 2021, Order [Doc. 53]. Prior to the transfer, the parties exchanged preliminary invalidity and infringement contentions and briefed the claim construction issues, but fact discovery had not begun. Subsequent to the

transfer to this Court, fact discovery has still not commenced and no Markman[1] hearing or trial dates have been set by this Court.

On August 19, October 4, October 20, November 12, and November 24, 2021, Defendants filed petitions for *inter partes* and post-grant review on eight of the Patents-in-Suit, and on October 1, and October 27, 2021, non-parties Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (non-parties, collectively, "Samsung")[2] filed petitions for *inter partes* review on four of the Patents-in-Suit. See Decl. of Nicholas G. Papastavros (Dec. 21, 2021) [Doc. 56-2] ¶¶ 3-4. These petitions filed with the United States Patent and Trademark Office (the "PTO") collectively challenge the validity of all patent claims asserted by Plaintiff in this action. Id. Home Depot filed its Motion to Stay this litigation pending PTO review on December 21, 2021.

Subsequently, the U.S. Patent and Trademark Office, Patent Trial and Appeal Board granted Home Depot's petition to institute *inter partes* review of the validity of all challenged claims and grounds on the following four patents-in-suit

---

[1] Markman v. Westview Instruments, Inc., 517 U.S. 370, 372 (1996).

[2] Samsung has been sued by Plaintiff for alleged infringement of several of the same Patents-in-Suit in this case. See Lynk Labs, Inc. v. Samsung Elecs. Co. Ltd. and Samsung Elecs. Am. Inc., No. 1:2021-cv-05126 (N.D. Ill.).

in this litigation: (1) the '551 Patent; (2) the '783 Patent; (3) the '251 Patent; (4) the '479 Patent.  Specifically, with regard to the '551 Patent the PTO has ruled preliminarily: "Petitioner demonstrate [sic] a reasonable likelihood that it would prevail in showing that claims 1, 3, 4, 5, 7, and 8 are unpatentable." Home Depot U.S.A., Inc., v. Lynk Labs, Inc., IPR 2021-01367, Decision Granting Institution of *Inter Partes* Review (Feb. 18, 2022) [Doc. 84-1] at 35.  With regard to the '783 Patent the PTO has ruled preliminarily:

> At this stage of the proceeding, we determine that Petitioner has demonstrated a reasonable likelihood of prevailing on its challenge to claims 1, 4, 8, 11, and 16 over Grajcar and Walter.  We do not decide at this stage whether Petitioner has demonstrated a reasonable likelihood of prevailing on its challenge to claims 1, 4, 8, and 16 over Reymond and Stephens and its challenge to claims 1, 4, 8, 11, and 16 over Walter.  Nevertheless, in view of SAS, 138 S. Ct. at 1355, we institute on all claims and all grounds presented in the Petition. . . . We do not address claim 17 because Patent Owner disclaimed it.  Ex. 2003.  At this preliminary stage, we have not made a final determination as to the patentability of the challenged claims or any underlying factual and legal issues.

Home Depot U.S.A., Inc., v. Lynk Labs, Inc., IPR 2021-01368, Decision Granting Institution of *Inter Partes* Review (Feb. 9, 2022) [Doc. 84-2] at 53.

With regard to the '251 Patent, the PTO has ruled preliminarily: "Petitioner demonstrates a reasonable likelihood that it would prevail in showing that at least one claim of the '251 patent is unpatentable.  As such, we institute review with respect to all claims and grounds asserted in the Petition." Home Depot U.S.A.,

Inc., v. Lynk Labs, Inc., IPR 2021-01369, Decision Granting Institution of *Inter Partes* Review (Feb. 18, 2022) [Doc. 84-3] at 30.  Finally, with regard to the '479 Patent, the PTO has ruled preliminarily:

> At this stage of the proceeding, we determine that Petitioner has demonstrated a reasonable likelihood of prevailing on its challenge to all challenged claims.  At this preliminary stage, we have not made a final determination as to the patentability of the challenged claims or any underlying factual and legal issues.

Home Depot U.S.A., Inc., v. Lynk Labs, Inc., IPR 2021-01370, Decision Granting Institution of *Inter Partes* Review (Feb. 9, 2022) [Doc. 84-4] at 33-34.

## II.    STANDARDS OF REVIEW

### A.    *Inter Partes* Review

Effective September 16, 2012, the Leahy-Smith America Invents Act amended the PTO's former *inter partes* reexamination process by adding two post-grant challenge procedures, including the "*inter partes* review" ("IPR"), which permits the PTO to reconsider the validity of existing patents and is intended to be a more efficient way of hearing patent challenges.  35 U.S.C. §§ 301, 311-319, Pub. L. No. 112-29, § 6(c), 125 Stat. 304-5 (Sept. 16, 2011).  The IPR process allows any person who is not the owner of a patent to challenge the validity of a patent's claims based on prior art under 35 U.S.C. §§ 102 and 103.  35 U.S.C. § 311.  The petitioner may request that the PTO cancel one or more of a patent's

claims, but only if such claims are obvious or anticipated by "prior art consisting of patents or printed publications." Id. § 311(b). The IPR process "(1) reduce[s] to 12 months the time the PTO spends reviewing validity, from the previous reexamination average of 36.2 months; (2) . . . minimize[s] duplicative efforts by increasing coordination between district court litigation and [IPR]; and (3) . . . allow[s] limited discovery in the review proceedings." Universal Elecs., Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028, 1029-30 (C.D. Cal. 2013).

Once an IPR petition is filed, the Patent Trial and Appeal Board ("PTAB") must decide whether to institute the IPR proceeding within three months of the patent owner's preliminary response (which is due within three months of the date the petition is filed) or, if no response is filed, by the last date on which the response could have been filed. 35 U.S.C. § 314(b). Thus, the PTAB must decide whether to institute proceedings no later than six months from the date the petition is filed. The PTAB may institute an IPR only if it determines "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a).

If the PTO institutes an IPR, the proceeding is conducted before a panel of three trained Administrative Patent Judges of the PTAB. See 35 U.S.C. §§ 6(a)-(c), 311. During the IPR process, the parties can respond to each other's

arguments and take limited discovery; they also have the right to an oral hearing. 35 U.S.C. § 316(a)(5), (8), (10), and (13). The patent owner may cancel any challenged claim or propose substitute claims. Id. § 316(d). In order to prevail, the petitioner must prove invalidity by a preponderance of the evidence. Id. § 316(e). Once the PTAB issues a final decision, if the claims are not invalidated, the IPR petitioner "is estopped from asserting [in a district court or ITC action] that a 'claim is invalid on any ground that the petitioner raised or reasonably could have raised during that [IPR].'" Software Rts. Archive, LLC v. Facebook, Inc., Nos. C-12-3970, C-12-3971, C-12-3972, 2013 WL 5225522, at *2 (N.D. Cal. Sept. 17, 2013) (quoting 35 U.S.C. § 315(e)(2)). "The results of the reexamination are thus binding on the third party requester in any subsequent or concurrent civil action. Therefore, here, defendant may not relitigate any issue addressed by the PTO." Tomco[2] Equip. Co. v. Se. Agri-Sys., Inc., 542 F. Supp. 2d 1303, 1306 (N.D. Ga. 2008) (citations omitted).

If the PTAB institutes an IPR, a final determination must be issued within one year of the institution date, unless there is good cause to extend the period in which case it may extend by no more than six months. 37 C.F.R. § 42.100(c). After receiving a final determination from the PTAB in an IPR proceeding, the

parties have the option to appeal only to the United States Court of Appeals for the Federal Circuit.  35 U.S.C. §§ 141(c), 319.

### B. Stay Pending PTO Review

The party seeking a stay bears the burden of showing that a stay is appropriate.  See Automatic Mfg. Sys., Inc. v. Primera Tech., Inc., No. 6:12-cv-1727-Orl-37DAB, 2013 WL 1969247, at *1 (M.D. Fla. May 13, 2013) (citing Landis v. N. Am. Co., 299 U.S. 248, 255 (1936)).  "Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."  Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citation omitted).  Several courts have noted the benefits of staying infringement litigation pending an IPR:

> All prior art presented to the Court will have been first considered by the PTO, with its particular expertise[;]
>
> Many discovery problems relating to prior art can be alleviated by the PTO examination[;]
>
> In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed[;]
>
> The outcome of the reexamination may encourage a settlement without the further use of the Court[;]
>
> The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation[;]

> Issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination[; and]
>
> The cost will likely be reduced both for the parties and the Court.

Tomco[2], 542 F. Supp. 2d at 1307 (alterations in original) (quoting Datatreasury Corp. v. Wells Fargo & Co., 490 F. Supp. 2d 749, 754 (E.D. Tex. 2006)). Although there are many potential benefits to a stay pending the outcome of an IPR proceeding, "the Court should not ignore the potential difficulties" including "the possible length of" the review and the fact that the IPR process "only considers the validity of the patent with regard to prior art." Id. (internal citations omitted).

To help balance the competing interests of the parties, courts consider three factors in deciding whether to stay litigation pending completion of the IPR: "(1) whether discovery is complete and a trial date has been set; (2) whether a stay will simplify the issues in the case; and (3) whether a stay would unduly prejudice or present a tactical disadvantage to the nonmovant." Interface, Inc. v. Tandus Flooring, Inc., No. 4:13-CV-46-WSD, 2013 WL 5945177, at *4 (N.D. Ga. Nov. 5, 2013) (quotations and citations omitted).

### III. DISCUSSION

#### A. Stage of Litigation

Prior to the filing of the Motion to Stay, the parties exchanged initial disclosures, preliminary infringement or non-infringement contentions, and preliminary invalidity contentions. Although the parties have completed the Markman briefing, fact discovery has still not commenced and no Markman hearing or trial date has been set.

"The earlier the stage of proceedings, the greater the reason to grant a stay." Surfcast, Inc. v. Microsoft Corp., No. 2:21-cv-333-JDL, 2014 WL 6388489, at *2 (D. Me. Nov. 14, 2014). "Many cases emphasize that–where discovery has not yet occurred–the first factor weighs in favor of a stay." Trusted Knight Corp. v. Int'l Bus. Machs. Corp., No. 19-cv-01206-EMC, 2020 WL 5107611, at *2 (N.D. Cal. Aug. 31, 2020) (collecting cases). "Essentially, where there is more work ahead of the parties and the Court than behind, this factor weighs in favor of granting a stay." PureCircle USA, Inc. v. SweeGen, Inc., No. SACV 18-1679 JVS (JDEx), 2020 WL 5260492, at *2 (C.D. Cal. Aug. 5, 2020) (internal quotation marks and citation omitted).

While the Court appreciates that this case has been pending for over a year, this fact alone does not negate the reality that a trial of this matter could be in

distant view. As such, the Court finds that this case is still in early stages of litigation and well-positioned for a stay; fact discovery has not yet commenced and the only thing that has taken place is the Markman briefing. See Trusted Knight Corp., 2020 WL 5107611, at *2 ("[G]iven that no discovery has yet occurred, no motions for summary judgment have been prepared or filed, and no trial date has yet been set, notwithstanding the fact that claim construction has already occurred, this factor favors a stay."); see also IP Co., LLC v. Tropos Networks, Inc., No. 1:06-CV-0585-CC, 2014 WL 12622444, at *2 (N.D. Ga. Mar. 5, 2014) (finding that the fact that no claim construction hearing or trial date had been set favored the stay despite the fact that the case had been pending for several years).

This finding is bolstered by the fact that the PTAB has instituted an IPR proceeding involving four of the patents-in-suit, which weighs in favor of granting a stay. See Virtual Agility, Inc. v. Salesforce.com, 759 F.3d 1307, 1317 (Fed. Cir. 2014) (finding that the fact that the PTAB has granted reexamination of the patents "heavily favors" the granting of a stay).

### B.  Simplification of Issues

All claims asserted in this district court litigation could be the subject of the IPR if reviews are granted. Staying the case pending the outcome of the IPR

proceedings could eliminate some or all of the asserted claims and streamline the case by resolving issues that would otherwise need to be addressed by the Court.

> Here, GE sought *inter partes* review of all the claims in the patents in suit. Therefore, if the petitions for review are granted, there is a good chance that review will simplify this case by rendering some or all of the claims for infringement moot. . . . Whatever the PTAB's decision, the case will be simplified for this Court. If the PTO grants the petitions and ultimately cancels all asserted claims, the case would be over. If the PTO grants the petitions but confirms all or some of the claims, estoppel will eliminate the invalidity arguments raised or could have been raised in the *inter partes* petitions and the Court would have the benefit of the PTO's decision. Lastly, if the PTO denies the petitions for review, the stay will be short, only four months. Therefore, the Court concludes this factor favors a stay.

TAS Energy, Inc. v. San Diego Gas & Elec. Co., No. 12CV2777-GPC(BGS), 2014 WL 794215, at *4 (S.D. Cal. Feb. 26, 2014) (citation omitted); see also Lodge Mfg. Co. v. Gibson Overseas, Inc., No. CV 18-8085, 2019 WL 9443180, at *3 (C.D. Cal. Sept. 24, 2019) (agreeing that IPR could simplify the issues where the petition challenges all the claims of the patent and PTAB's decision whether to institute review will occur weeks before the Markman hearing); Canfield Sci., Inc. v. Drugge, No. 16-4636 (JMV), 2018 WL 2973404, at *4 (D.N.J. June 13, 2018) ("[T]he number of claims asserted in the pending litigation relative to the number of claims subject to the IPR proceedings is a significant factor for the Court to consider."). The fact that the PTAB has instituted an IPR proceeding involving four of the patents-in-suit makes it even more likely that the case will be simplified

by staying the case pending the reexamination of those patents.  Now that the IPO has determined that it will re-examine at least four of patents at issue, "[e]ven if the PTO validates the claims, the decision of the PTO will greatly assist the Court in defining the scope of the claims at issue and rendering an ultimate determination as to infringement."  IP Co., LLC, 2014 WL 12622444, at *3 (citation omitted). Accordingly, his Court determines that this factor favors granting a stay.

### C. Undue Prejudice or Tactical Disadvantage

Plaintiff argues that it will be unduly prejudiced by a stay because the stay will prevent Plaintiff from "defending its products in the marketplace" as Home Depot will continue selling the infringing products nationwide.  Pl.'s Br. in Opp'n to Defs.' Mot. to Stay [Doc. 71] at 6-8.  Plaintiff's argument is unavailing.  The "undue prejudice" Plaintiff complains of is merely another way of saying it will continue to suffer damages by Home Depot's alleged infringement.  "However, these are damages that can be remedied by money.  In other words, '. . . the availability of money damages is sufficient to protect plaintiff from prejudice.'" Tomco[2], 542 F. Supp. 2d at 1308 (quoting Datatreasury Corp., 490 F.Supp.2d at 752).  To the extent Plaintiff argues that the delay will allow Home Depot to continue to sell the allegedly infringing products and erode Plaintiff's market share, Plaintiff's argument is belied by the fact that Plaintiff itself waited over

13

three years to file this lawsuit after it first identified the allegedly infringing products to Home Depot on January 4, 2018. See Am. Compl. ¶ 31 (alleging that Plaintiff sent a letter to Home Depot on January 4, 2018, identifying "a number of infringing Home Depot Products.").

Plaintiff fails to articulate any other grounds supporting a claim of prejudice. The only perceived harm that Plaintiff will suffer will be in the delay of the resolution of this matter. In light of the other factors favoring a stay, the passage of time, without more, is insufficient grounds to deny a stay. Adair v. Boat Dock Innovations, LLC, No. 1:12-CV-1930-SCJ, 2013 WL 1859200, at *3 (N.D. Ga. Feb. 27, 2013) (holding that the "general prejudice of having to wait for resolution is not a persuasive reason to deny the motion for stay.").

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Defendants Home Depot's Motion to Stay Pending Patent Office Review of the Validity of All Asserted Patent Claims [Doc. 56] is **GRANTED**. Plaintiff's Motion for Expedited Scheduling Conference and the Appointment of a Special Master for Claim

Construction [Doc. 60] is **DENIED AS MOOT WITHOUT PREJUDICE** and may be re-filed if and when the stay is lifted.

**IT IS SO ORDERED** this 31st day of March, 2022.

_____
MARK H. COHEN
United States District Judge