IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| LYNK LABS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-5021 |
| | ) |
| HOME DEPOT USA, INC., | ) |
| THE HOME DEPOT, INC., and | ) |
| HOME DEPOT PRODUCT | ) |
| AUTHORITY, LLC | ) |

**JOINT STATUS REPORT**

Pursuant to this Court's January 25, 2024 Order [D.I. 91], Plaintiff Lynk Labs, Inc. ("Lynk Labs") and Defendants Home Depot USA, Inc., The Home Depot, Inc. and Home Depot Product Authority, LLC (collectively, "Home Depot") submit this Joint Status Report to update the Court regarding the *inter partes* review and post-grant review proceedings (collectively, the "post-grant actions") pending before the U.S. Patent & Trademark Office ("USPTO") challenging the validity of Lynk Labs' asserted patent claims:

- The USPTO invalidated all asserted claims from U.S. Patent Nos. 10,757,783, 10,349,479 ("the '479 Patent"), 10,154,551, 10,492,251, 10,091,842, 10,537,001 ("the '001 Patent") and 10,517,149 – in Final Written Decisions in the post-grant actions. Lynk Labs either did not appeal these decisions, or the appeals have now been dismissed.

- The USPTO invalidated all previously asserted claims from U.S. Patent No. 10,932,341 in PGR2022-00009. The Federal Circuit affirmed the USPTO's ruling *per curiam*. *Lynk Labs, Inc. v. Home Depot U.S.A., Inc.*, No. 23-2185 (Fed. Cir. Jan. 14, 2025).

- The USPTO invalidated asserted claims 7, 9, 10, and 11 and sustained asserted claim 13 from U.S. Patent No. 10,652,979 (the '979 Patent") in IPR2021-01576 between Lynk Labs and Samsung Electronics. Both Lynk Labs and Samsung Electronics filed appeals of the USPTO's final written decision in IPR2021-01576, which appeals have now been dismissed.

- Home Depot separately appealed the USPTO's determination in IPR2022-00023 sustaining unasserted claim 2 of U.S. Patent No. 10,517,149 to the Federal Circuit Court of Appeals, and the Court in that case reversed the USPTO, finding that claim 2 was invalid. *See Home Depot U.S.A., Inc. v. Lynk Labs, Inc.*, No. 23-2151, 2025 WL 816240 (Fed. Cir. March 14, 2025).

The parties jointly request that the Court schedule a status conference to address issues remaining between the parties, including Lynk Labs' ability to add to this lawsuit previously unasserted claims that were unaffected by the various post-grant actions.

**Lynk Labs's Position:** Lynk Labs was originally constrained as to the number of claims it could assert due to the limitation on the number of claim terms allowed for construction pursuant to the Standing Order Governing Proceedings (OGP) 4.3 - Patent Cases in the Western District of Texas where this matter was originally brought prior to transfer. As there is no similar limit in this Court, Lynk Labs intends to move forward with the following claims: claim 6 of the '479 Patent, claim 14 of the '001 Patent, and claim 2 of the '783 Patent pursuant to N.D. Ga. Pat. R. 4.5(b).

Lynk Labs withdraws all claims previously asserted.[1]  Lynk Labs also reserves the right pursuant to that Rule to add additional claims as additional discovery is made available in this matter.

**Home Depot's Position**: Lynk Labs' reliance on the Western District of Texas ("WDTX") claim construction rules for its decision not to originally assert certain claims from the patents-in-suit is baseless and should be rejected.  There are no limits on the number of claims that Lynk Labs could have asserted when the case was in the WDTX, and indeed Lynk Labs originally asserted 41 claims from 9 separate patents in its WDTX infringement contentions in 2021.  Moreover, Lynk Labs's reliance on the "presumed limits" on the number of claims to be construed in WDTX is disingenuous, as it did not even seek to construe all allowed terms in its claim construction briefing.

Under the WDTX Order Governing Proceedings (OGP), Lynk Labs would not be allowed to add patent claims without leave of court and unless the request to add claims was "based on material identified after [] preliminary contentions were served" and was done "seasonably upon identifying any such material."  Similarly, this Court's local patent rule 4.5(b) addresses supplementing or amending contentions based on information obtained during discovery – *not* the wholesale withdrawal of all originally asserted claims in light of their invalidation, and the substitution of new claims (which certainly could have been identified in Lynk Labs' infringement contentions) years later.

Home Depot filed *inter partes* review and post-grant review petitions before the USPTO covering all originally asserted claims in Lynk Labs' WDTX infringement contentions from eight

---

[1] N.D. Ga. Pat. R. 4.5(b) provides that "[e]ach party's Disclosures or Response shall be supplemented or amended pursuant to the rules for supplementation and amendment of discovery responses generally provided for under the Federal Rules of Civil Procedure."  *See* N.D. Ga. Pat. R. 4.5(b).  As fact discovery would still be open when the stay currently in place is lifted, Lynk submits that it would be able to supplement under the provisions of the Federal Rules.

Lynk Labs patents,[2] and successfully invalidated all those claims. Lynk Labs's proposal to add new claims (claim 6 of the '479 Patent, claim 14 of the '001 Patent, claim 2 of the '783 Patent, and potentially other claims) after five years of litigation in district court and before the USPTO is highly prejudicial and should not be allowed. Lynk Labs' proposed amendment is likely futile in any case, since these additional claims are invalid like all 41 originally asserted claims.

                                            Respectfully submitted,

DATED: May 23, 2025

/s/ James A. Shimota
James A. Shimota (admitted pro hac vice)
jim.shimota@klgates.com
K&L GATES LLP
70 WEST Madison Street, Suite 3300
Chicago, Illinois 60602
Telephone: (312) 372-1121
Fax: (312) 827-8000

Steven G. Hill
HILL, KERTSCHER & WHARTON, LLP
3625 Cumberland Boulevard, Suite 1050
Atlanta, Georgia 30339
Tel: 770.953.0995
Sgh@hkw-Law.Com

ATTORNEYS FOR PLAINTIFF
LYNK LABS, INC.

/s/ Nicholas G. Papastavros
Nicholas G. Papastavros
Christopher G. Campbell
DLA PIPER LLP (US)
Georgia Bar No. 789533
1201 West Peachtree Street, Suite 2900
Atlanta, GA 30309
Tel: 404.736.7800
Fax: 404.682.7800
christopher.campbell@dlapiper.com

---

[2] Samsung, not Home Depot, filed an IPR petition on the '979 patent, and succeeded in invalidating the majority of those claims. Lynk Labs does not propose moving forward with any claims from the '979 Patent.

Nicholas G. Papastavros (admitted pro hac vice)
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110-1447
Tel: 617.406.6000
Fax: 617.406.6100
nick.papastavros@dlapiper.com

Brian K. Erickson
Jennifer Librach Nall
DLA PIPER LLP (US)
303 Colorado Street, Suite 3000
Austin, TX 78701
Tel: 512.457.7125
Fax: 512.457.7001
brian.erickson@dlapiper.com
jennifer.nall@us.dlapiper.com

ATTORNEYS FOR DEFENDANTS HOME DEPOT USA, INC., THE HOME DEPOT INC., AND HOME DEPOT PRODUCT AUTHORITY, LLC
