IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LYNK LABS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>HOME DEPOT USA, INC., THE HOME DEPOT, INC., and HOME DEPOT PRODUCT AUTHORITY, LLC,<br><br>    Defendants. | Civil Action No.<br>1:21-cv-05021-VMC |

**ORDER**

This patent infringement case is before the Court on the Parties' Joint Status Report. (Doc. 94). On January 29, 2021, Plaintiff Lynk Labs, Inc. ("Plaintiff") filed an action in the United States District Court for the Western District of Texas against Defendants alleging that Home Depot sells lighting products that infringe on the eight patents, (Doc. 1) and on March 17, 2021, Plaintiff filed an Amended Complaint, asserting additional claims of infringement based on a ninth patent. (Doc. 17). On March 31, 2022, the Court (Cohen, J.) stayed this case pending inter partes review under 35 U.S.C. § 311 ("IPR") and post-grant review under 35 U.S.C. § 321 ("PGR"). (Doc. 85). The Parties report that the process is complete and the following outcomes are reported with regard to the asserted claims of the patents-in-suit:

| Patent | Invalidated Claims |
|---|---|
| U.S. Patent No. 10,492,251 (the "'251 Patent") | All Asserted |
| U.S. Patent No. 10,757,783 (the "'783 Patent") | All Asserted |
| U.S. Patent No. 10,091,842 (the "'842 Patent") | All Asserted |
| U.S. Patent No. 10,537,001 (the "'001 Patent") | All Asserted |
| U.S. Patent No. 10,349,479 (the "'479 Patent") | All Asserted |
| U.S. Patent No. 10,652,979 (the "'979 Patent") | All Asserted all but claim 13 |
| U.S. Patent No. 10,154,551 (the "'551 Patent") | All Asserted |
| U.S. Patent No. 10,517,149 (the "'149 Patent") | All Asserted |
| U.S. Patent No. 10,932,341 (the "'341 Patent") | All Asserted |

Plaintiff does not propose moving forward with any claims from the '979 Patent. (Doc. 94 at 4 n.2). Accordingly, all asserted claims are disposed of and the case appears ripe for summary disposition. However, Plaintiff seeks to amend its LPR 4.1 infringement contentions to withdraw all previously asserted claims and substitute new claims that were not the subject of IPR and PGR. LPR 4.1, NDGa.

Under LPR 4.5, which governs supplementing or amending contentions, Plaintiff's infringement contents "have such binding effect on a party as a response to an interrogatory under Rule 33 of the Federal Rules of Civil Procedure" and" shall be supplemented or amended pursuant to the rules for supplementation and

amendment of discovery responses generally provided for under the Federal Rules of Civil Procedure." LPR 4.5(a)–(b), NDGa. In turn, Federal Rule of Civil Procedure 26(e) provides that "[a] party . . . who has responded to an interrogatory . . . must supplement or correct its disclosure or response . . . in a **timely manner** if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ.P. 26(e)(1)(A) (emphasis added).

Courts frequently hold that a supplement to an earlier discovery request is not made in a "timely manner" if made after the close of discovery. *See, e.g., Rigby v. Philip Morris USA Inc.*, 717 F. App'x 834, 835 (11th Cir. 2017). However, "FRCP 26(e)(1)(A) does not define 'in a timely manner,' implying that timeliness 'depend[s] on the facts and circumstances of each case.'" *L.A. v. Riverside Mil. Acad. Found., Inc.*, No. 2:18-CV-00215-RWS, 2021 WL 8998914, at *3 (N.D. Ga. Sept. 30, 2021) (quoting *U.S. ex rel. Fry v. Guidant Corp.*, No. 3:03–0842, 2009 WL 3103836, at *4 (M.D. Tenn. Sept. 24, 2009)). "In any circumstance, parties should supplement disclosures and responses 'in a fashion that will allow [the opposing party] to conduct meaningful discovery and avoid undue delay in the progress of [the] case.'" *Id.* (quoting *Fry*, 2009 WL 3103836, at *4). Courts also look to when the disclosing party reasonably should have known its responses were incomplete. *Jama v. City & Cty. of Denver*, 304 F.R.D. 289, 299–300 (D. Colo. 2014) ("The obligation to supplement arises when the disclosing party reasonably should

3

know that its prior discovery responses are incomplete, *e.g.* because the party has now obtained information it did not previously have.").

Here, under any standard, Plaintiff's proposed supplemental disclosure is not timely considering the extensive, five-year litigation history of this case. Accordingly, the proposed supplement would be untimely under Federal Rule of Civil Procedure 26(e) and exclusion would thus be mandated under Federal Rule of Civil Procedure 37(c).[1] As exclusion of the proposed claims resolves all pending matters before the Court, it appears summary judgment is warranted. Accordingly, it is

**ORDERED** that Plaintiff is **DIRECTED** to **SHOW CAUSE** in writing 14 days after the date of entry of this Order, why summary judgment should not be granted for Defendants under Federal Rule of Civil Procedure 56(f)(3). Defendants may file a reply within 14 days of being served with Plaintiff's response to this Order.

**SO ORDERED** this 29th day of May, 2025.

_____
Victoria Marie Calvert
United States District Judge

---

[1] While the Court has held in other cases that exclusion is not automatic under that Rule, *Epic Tech, LLC v. Pen-Tech Assocs., Inc.*, No. 1:20-CV-02428-VMC, 2025 WL 1077359, at *2 (N.D. Ga. Mar. 7, 2025), Plaintiff provides no possible justification to support its late supplementation other than differences in the Local Rules of this Court and the Western District of Texas. However, this case was transferred in December of 2021 and not stayed until March of 2022.