IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LYNK LABS, INC., <br><br> Plaintiff, <br><br> v. <br><br> HOME DEPOT USA, INC., THE HOME DEPOT, INC., and HOME DEPOT PRODUCT AUTHORITY, LLC, <br><br> Defendants. | Civil Action No. <br> 1:21-cv-05021-VMC |

**ORDER**

On May 29, 2025, the Court entered an Order directing Plaintiff to show cause in writing why summary judgment should not be granted for Defendants. ("Order, Doc. 95). The Order noted the outcome of inter partes review under 35 U.S.C. § 311 ("IPR") and post-grant review under 35 U.S.C. § 321 ("PGR") which invalidated all claims asserted in by Plaintiff in this litigation save for claim 13 of U.S. Patent No. 10,652,979 (the '"979 Patent"). The Order explained that there were no claims at issue in the case in light of a statement in the parties' Joint Status Report (Doc. 94) that Plaintiff did not propose moving forward with any claims from the '979 Patent (Doc. 94 at 4 n.2), and further indicated that it would not grant Plaintiff leave to amend its infringement contentions under LPR 4.5, NDGa, to add different infringement contentions. (Doc. 95 at 4).

In response to the Order, Plaintiff makes two arguments against summary judgment. First, Plaintiff argues that the Court should allow it to amend its infringement disclosure notwithstanding its conclusions in the Order. It explains two weeks after the case was transferred here, the Court (Cohen, J.) denied Plaintiff's request to confer for a schedule and granted a stay. (Doc. 97 at 3). But in response, Defendants point out that the factual bases for amendment arose prior to the stay, and in any case, Plaintiff could have sought amendment while the stay motion was pending. (Doc. 98 at 5, 7–8). If Plaintiff is concerned that the IPR or PGR processes have hampered its litigation efforts, that appears to be an intended effect of Congress creating the processes. The Court will adhere to its earlier ruling.

Second, Plaintiff seeks to 'withdraw its withdrawal' of the infringement allegations of claim 13 of the '979 patent, writing:

> [A]t the time the joint status report was negotiated, members of the Lynk litigation team were occupied with a variety of additional matters, and inadvertently signed off on the report indicating that it was withdrawing claim 13 of the '979 Patent, which was unaffected by the IPRs.

(Doc. 97 at 10).

Courts have considered whether a statement by counsel that a party does not intend to proceed with some aspect of a claim is a waiver or judicial admission that binds the party. *See Starbuck v. R.J. Reynolds Tobacco Co.*, 349 F. Supp. 3d 1223, 1234 (M.D. Fla. 2018). While the Court in *Starbuck* declined to find a waiver or

2

judicial admission stemming from counsel's sidebar commitment to "drop" an argument, *id.* at 1231, it also noted in a footnote that "[t]he Eleventh Circuit generally applies judicial admission doctrine to the parties' representations of fact in court filings." *Id.* at 1233 n.7.

Signing a paper presented to the Court has consequences. Fed. R. Civ. P. 11(b); *see also Jacobs v. Elec. Data Sys. Corp.*, 240 F.R.D. 595, 601 (M.D. Ala. 2007) ("Decisions to concede certain parts of a case in order to focus on others, or not to pursue every possible claim cognizable under the law, are examples of strategic or tactical choices well within the scope of the attorney's authority, decisions that bind the client."). The Court finds that by signing the Joint Status Report, Plaintiff's counsel dropped any intent to proceed with claim 13, and that concession constituted a judicial admission.[1]

Judicial admissions can be withdrawn with leave of court, *see Summit United Serv. LLC v. Meijer, Inc. (In re Summit United Serv., LLC)*, No. 1:03-ap-6247-CRM, 2005 WL 6488106, at *4 (Bankr. N.D. Ga. Sept. 19, 2005), but Plaintiff has not filed a motion seeking to withdraw its statement not to proceed with claim 13. Even if the Court construed its response as a motion to withdraw, courts have looked

---

[1] The Court does not consider whether the decision also constituted a waiver, because courts have expressed doubt as to whether waivers of arguments can be revoked at all. *See United States v. Gatz*, 704 F. Supp. 3d 1317, 1330 (S.D. Fla. 2023). Contrast this with judicial admissions which may be revoked, as the Court discusses below.

down on attempts to withdraw judicial admissions in the face of summary judgment. *Alliant Nat'l Title Ins. Co. v. Lafayette Lending, LLC*, No. 1:22-CV-00718-SCJ, 2024 WL 4524128, at *8 (N.D. Ga. July 8, 2024) (denying request to withdraw judicial admission where "Lafayette did not attempt to withdraw its judicial admission until after Alliant's motion for summary judgment."). Accordingly, the Court will hold Plaintiff to its admission and treat claim 13 of the '979 Patent as withdrawn without prejudice. Accordingly, it is

**ORDERED** that summary judgment is **GRANTED** in favor of Defendants on all claims except as provided in this Order under Federal Rule of Civil Procedure 56(f)(3). It is

**FURTHER ORDERED** that the Clerk is **DIRECTED** to enter final judgment in favor of Defendants and to close the case.

**SO ORDERED** this 31st day of July, 2025.

_____
Victoria Marie Calvert
United States District Judge